UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| RONEN NANDI | CIVIL ACTION NO. 6:06-cv-01755 |
| VERSUS | JUDGE DOHERTY |
| WAL-MART TRANSPORTATION, LLC AND/OR WAL-MART STORES, INC. AND AMERICAN HOME ASSURANCE COMPANY | MAGISTRATE JUDGE HANNA |

## **ORDER**

Federal courts are courts of limited jurisdiction[1] and are obligated to examine the basis for the exercise of federal subject-matter jurisdiction.[2] A lack of subject-matter jurisdiction may be raised at any time, and a court may raise the issue *sua sponte*.[3] The burden of establishing jurisdiction rests on the party invoking the federal forum.[4] In this case, the plaintiff must bear that burden. When jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged.[5]

---

[1] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2] *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999).

[3] *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

[4] *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998).

[5] *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

The plaintiff makes no statement in his complaint regarding the basis for this court's jurisdiction. In the Rule 26(f) report (Rec. Doc. 22), however, the parties state that the basis of jurisdiction is 28 U.S.S. § 1332, which is jurisdiction based upon the parties being diverse in citizenship and the amount in controversy exceeding $75,000. A Ruling on Jurisdictional Amount found, on November 1, 2007, that the amount in controversy in this lawsuit exceeds the jurisdictional threshold. The jurisdictional review performed in 2007 did not, however, address whether the parties to the lawsuit were diverse in citizenship when the suit was filed.[6]

The plaintiff alleges that he is a citizen of Louisiana. Three defendants are named in the complaint: American Home Assurance Company, Wal-Mart Transportation, LLC, and Wal-Mart Stores, Inc.

Under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated and any state where it has its principal place of business. Therefore, a party invoking diversity jurisdiction must allege both the state of incorporation and the principal place of business of each corporate party.[7] In this case, however, no such allegations have been made with regard to American Home

---

[6] *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-571 (2004).

[7] *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983).

Assurance Company or Wal-Mart Stores, Inc., both of which appear to be corporations.

One of the defendants, Wal-Mart Transportation, LLC, appears to be a limited liability company. The citizenship of a limited liability company is determined by the citizenship of all of its members.[8] When a member of an LLC is itself an LLC or a partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations.[9] If any one of the members is not diverse, the company is not diverse. The plaintiff has not identified the members of Wal-Mart Transportation, LLC or provided evidence of any member's citizenship.

The plaintiff has not complied with the requirement that each party's citizenship be distinctly and affirmatively alleged, and the undersigned cannot determine whether the parties are diverse in citizenship.

Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, the plaintiff shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship. These facts should be supported

---

[8] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[9] See *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

with summary-judgment-type evidence. The defendants will be allowed seven days to respond to the plaintiff's submission.

Signed at Lafayette, Louisiana on August 31st, 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE